IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARY ANN AVILA AND ROY E. AVILA, § § § *Plaintiffs,* § § v. § § COMPASS BANK AND ROUNDPOINT § MORTGAGE SERVICING CORP., § § *Defendants.* § | Civil Action No.  SA-5:14-CV-686 |

## ORDER

On this date, the Court considered Defendants' motion to dismiss (docket no. 3). For the following reasons, the motion is GRANTED.

### I. BACKGROUND

Plaintiffs Mary Ann Avila and Roy E. Avila filed a petition in the 45th Judicial District of Bexar County, Texas, in order to prevent foreclosure of their property on March 31, 2014. Plaintiffs purchased the property at 6430 Ridge Forest Drive, San Antonio, Texas in 1986 by getting a loan for $64,459 (the "Note") and executing a deed of trust (the "Deed of Trust") with Lumberman Investment Corporation. The Note and Deed of Trust were eventually assigned to Defendant Compass Bank. Defendant RoundPoint is Compass Bank's authorized mortgage servicer. Defendants scheduled a foreclosure sale of Plaintiffs' property on April 1, 2014, which was stopped when the state court granted Plaintiffs a temporary restraining order on March 31, 2014.

Defendants removed this case on July 30, 2014.[1] They then filed this motion to dismiss on August 6, 2014. Plaintiffs have not responded to this motion to dismiss.

## II. LEGAL STANDARD

### A. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief must contain (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed favorably to the plaintiff. *Fernandez–Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

---

[1] This Court has jurisdiction over this case on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1441 (holding that a civil action brought in state court can be removed to federal court if the district court would have had original jurisdiction over the action); *see* 28 U.S.C. § 1332 (conferring original district court jurisdiction over civil actions between citizens of different states where there is complete diversity and the amount in controversy exceeds $75,000). Plaintiffs are citizens of Texas. Defendant Compass Bank is a citizen of Alabama. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located). Defendant RoundPoint is a corporation incorporated in Florida with its principal place of business in North Carolina, and is a citizen of those two states for diversity jurisdiction purposes. 28 U.S.C § 1332(c). The amount in controversy in this case also exceeds $75,000. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338 (5th Cir. 2013) (explaining that for cases in which the plaintiff seeks to enjoin a foreclosure sale, the value of the property represents the amount in controversy). The Bexar County Appraisal District values the property at $103,900.

### B. Documents that May Be Considered

In deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'")). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

Here, Defendants attached Plaintiffs' Deed of Trust to the motion to dismiss. It is referenced in Plaintiffs' petition and provided Compass Bank's authority to foreclose. The Deed of Trust is central to Plaintiffs' claims. The Deed of Trust and "chain of assignments" of the Note and Deed of Trust are also matters of public record. The Court, therefore, will consider the Deed of Trust and the chain of assignments of Plaintiffs' Note and Deed of Trust in ruling on Defendants' motion.

### III. ANALYSIS

Plaintiffs do not allege specific causes of action in their petition. Broadly read, Plaintiffs' petition alleges four separate reasons Defendants' proposed foreclosure was improper: 1)

Plaintiffs entered an "agreement" with Compass to delay any foreclosure while a loan modification review was performed; 2) Defendants are not authorized to foreclose on the Deed of Trust because they are not "holders"; 3) Defendants erroneously maintained Plaintiffs' payment records; and 4) Defendants failed to provide Plaintiffs an accounting of the arrearage. Plaintiffs pray the Court order an accounting to clarify the proper arrearage amount, as well as declaratory and injunctive relief. Plaintiffs fail to plausibly assert a cause of action against Defendants and the case should be dismissed.

### A. Agreement to Delay Foreclosure for a Loan Modification Review

Plaintiffs' state court petition, construed liberally, alleges Defendants cannot foreclose the property because Defendants promised not to foreclose until Defendants completed a loan modification review. Plaintiffs either claim breach of contract or promissory estoppel. Some promises are not enforceable due to the Texas Statute of Frauds. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013); *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 239 (5th Cir. 2014). A loan agreement for more than $50,000 must be in writing to be enforceable. TEX. BUS. & COM. CODE § 26.02(b). A promise relating to the sale of real estate must also be in writing to be enforceable. *Id.* § 26.01(b)(4). Due to these requirements, the Fifth Circuit recently held that loan modification agreements in the foreclosure context must be in writing. *Martins*, 722 F.3d at 256. Plaintiffs do not allege that they entered into a written loan modification agreement with the Defendants.

Even without a valid loan modification agreement, a plaintiff can overcome the Statute of Frauds under a promissory estoppel theory. "When a promisor induces substantial action or forbearance by another, promissory estoppel prevents any denial of that promise if injustice can be avoided only by enforcement." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 133 (Tex. 2005).

Plaintiffs could have overcome the written requirement through promissory estoppel if they alleged such a written document was prepared but never executed and they reasonably relied on that document.  *See Martins*, 722 F.3d at 256.  Plaintiffs do not allege any written loan modification agreement was prepared or that they relied on one.  *See Martin-Janson v. JP Morgan Chase Bank, N.A.*, 536 F. App'x 394, 398 (5th Cir. 2013).  The Court therefore dismisses Plaintiffs' breach of contract and promissory estoppel claims related to the alleged loan modification review because they are barred by the Texas Statute of Frauds.

### B. Defendants' Authority to Foreclose on the Deed of Trust

Plaintiffs next allege that Defendants lack authority to foreclose the property because they are not the proper "Holder" of the Note and Deed of Trust.  The Deed of Trust purports to give the "holder" the power to foreclose or otherwise enforce the terms of the contract.  Docket no. 3, Ex. 2.  However, the Fifth Circuit recently reviewed Texas courts' decisions and determined that the mortgagee and mortgage servicer have authority to enforce the terms of the Deed of Trust and foreclose.  *Martins*, 722 F.3d at 255.  "Mortgagee" is defined as "the grantee, beneficiary, owner, or holder of a security instrument."  TEX. PROP. CODE § 51.0001(4). A "mortgage servicer" is one who has an agreement with the mortgagee to service the mortgage.  *Id.* at § 51.0025.  The chain of assignments clearly show Compass Bank as the most recent grantee of the Note and Deed of Trust with RoundPoint as its mortgage servicer.  Compass Bank and RoundPoint thus have authority to enforce the terms of the Deed of Trust and foreclose the property.  Plaintiffs' claim that Defendants lack standing to foreclose the property is dismissed.

### C. Erroneous Maintenance of Payment Records

Plaintiffs allege Defendants improperly "maintained [their] record of payment" leading to "wrongfully scheduling foreclosure," which would be a breach of contract under the Deed of

Trust.  However, Plaintiffs allege no further facts to support their claim.  These are not specific enough allegations to validly state a claim against Defendants; the allegations are conclusory. *See Twombly*, 550 U.S. at 555.  Plaintiffs do not allege any supporting facts to "state a claim for relief that is plausible on its face" that Defendants erroneously maintained Plaintiffs' payment records leading to a wrongfully scheduled foreclosure.  *See Iqbal*, 556 U.S. at 678.  Accordingly, the Court dismisses this claim because the petition fails to state non-conclusory facts to support the claim.

### D.  Accounting, Declaratory Relief, and Injunctive Relief

Plaintiffs allege Defendants improperly calculated the amount owed in arrears, seeking an accounting to cure the error.  Plaintiffs also pray for declaratory and injunctive relief.  Under Texas law, an accounting, declaratory relief, and injunctive relief are equitable remedies, not independent causes of action.  *See, e.g.*, *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H–12–2466, 2013 WL 286250, at *9 (S.D. Tex. Jan. 24, 2013).  A court must dismiss claims for equitable relief where no underlying cause of action from the complaint survives.  *See, e.g.*, *Cook v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10–CV–0592–D, 2010 WL 2772445, *4 (E.D. Tex. Mar. 24, 2011) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").  The Court dismissed all other causes of action in Plaintiffs' petition above.  The Court must also then dismiss Plaintiffs' claims for an accounting, declaratory relief, and injunctive relief, because they are not independent causes of action that can stand on their own and all other claims have been dismissed.  *See Lindsey v. Ocwen Loan Servicing, LLC*, 3:10-CV-967-L, 2011 WL 2550833, *6 (N.D. Tex. June 27, 2011).  Therefore, Plaintiffs claims for an accounting, declaratory judgment, and injunctive relief are dismissed.

## IV. CONCLUSION

For all of these reasons, Defendants' motion to dismiss (docket no. 3) is GRANTED. Plaintiffs' petition is DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendants are awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 7th day of October, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE